In the Matter of the Second Intermediate Accounting of UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of LEWIS C. LEDYARD, JR., Deceased. In the Matter of DOROTHY L. KNIFFIN, Individually and as General Guardian of the Property of NORA KNIGHT and Another, Infants, for an Order under Section 231-a of the Surrogate's Court Act. In the Matter of DOROTHY L. KNIFFIN for the Removal of the United States Trust Company of New York as Executor and Trustee under the Will of LEWIS C. LEDYARD, JR., Deceased. DOROTHY L. ONET, Formerly DOROTHY L. KNIFFIN, et al., Appellants; UNITED STATES TRUST COMPANY OF NEW YORK, as Executor of and Trustee under the Will of LEWIS C. LEDYARD, JR., Deceased, et al., Respondents.— Three proceedings consolidated and tried in the Surrogate's Court, Nassau County: (1) to settle the executor's account; (2) to determine compensation for legal services under section 231-a of the Surrogate's Court Act and to direct a return of payments previously made; and (3) to remove the executor and trustee from office. In all three proceedings the basic issue was whether or not the executor and its attorneys had improperly represented conflicting interests, in that they failed to prosecute adequately a claim for trustee's commissions, due and unpaid to the testator out of *inter vivos* trusts of which the executor was the surviving trustee. Decree, insofar as appeals are taken, unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. We find that the claim for additional commissions on principal amounts of the trusts is without merit. Present — Carswell, Acting P. J., Adel, MacCrate, Schmidt and Beldock, JJ. [See 282 App. Div. 697.]

■

In the Matter of HENRY C. NELSON, Appellant, against EDWARD T. PIERCE et al., Constituting the Board of Appeals of the Town of New Castle, et al., Respondents.— In a proceeding to review and annul the determination of the respondent board of appeals of the Town of New Castle, which granted permission to the respondent Pines Ridge Golf Club, Inc., a membership corporation and prospective lessee of certain land, to operate "a private golf course and other activities consistent therewith and subordinate thereto," upon appropriate conditions, the petitioner appeals from an order confirming the determination and dismissing the proceeding. The zoning ordinance of the town provides that "a private club except where the principal activity is one customarily carried on for gain" may be operated when "permitted by the Board of Appeals in accordance with the later provisions of this Ordinance." The application for permission was made by the respondents other than the board of appeals. Order unanimously affirmed, with one bill of $50 costs and disbursements. The permission granted by the board is in accordance with the power conferred upon it and the standards for the exercise of such power. Present — Carswell, Acting P. J., Adel, MacCrate, Schmidt and Beldock, JJ.